We'll hear argument next this morning in Case 12-992, Ray Haluch Gravel Company v. the Central Pension Fund. Mr. Himmelfarb. Thank you, Mr. Chief Justice, and may it please the Court. Twenty-five years ago, in Budinich v. Becton Dickinson, this Court unanimously held that a decision leaving unresolved a request for attorneys' fees is a final decision subject to immediate appeal. The fee award in Budinich was authorized by a statute, but the same rule applies to fees awarded under a contract. In concluding otherwise, the First Circuit below held that Budinich may or may not apply to contractual attorneys' fees depending upon whether the fee award in a particular case is deemed part of the merits or not. The First Circuit's rule is inconsistent with each of the core aspects of Budinich, which is likely why Respondents no longer defend it. Whereas Budinich held that its rule applies regardless of whether the fees are deemed merits or nonmerits, that distinction is the very foundation of the First Circuit's rule. And whereas Budinich emphasized the need for clarity, consistency, predictability and practicality in jurisdictional rules, and thus for a uniform and bright-line rule in this context, the First Circuit's rule is case-specific, fact-intensive, abstract, and hard to apply. In short, the very antithesis of a uniform and bright-line rule. Ginsburg-Miller As I understand it, the First Circuit position is not what's being defended. Instead, it's the Eleventh Circuit's position, which is a bright-line. Well, it's not a bright-line rule, Justice Ginsburg. It's a different rule, but it's still a case-specific, fact-intensive rule. The line is just drawn in a different place. I thought it was that if it's statutory, Budinich controls, if it's contractual, then you treat it as though it's a question of damages. Right. It's not a bright-line rule in a number of respects. One of them is that, like the First Circuit, it relies on a distinction between merits and nonmerits fees, more specifically on what Respondents call damages fees as opposed to cost fees. And Budinich says it's inappropriate to make this sort of case-by-case determination of whether a particular fee award is authorized. But I think that's not right, Mr. Helmelfarb. I mean, the rationale that they use might have something to do with an underlying merits-nonmerits determination, but the test is just, does the statute authorize it, or is it authorized by contract? Right. And we would say two things about that. One of them is sort of a practical point, a point about administrability. The one is an analytical point, a point about logic, or more specifically, illogic.  Well, just focusing on whether that's a bright-line rule or not, in other words, whether it's easy to apply or not, I thought you were suggesting, whatever is true about whether it makes any sense or whether it's conceptually justifiable, I thought you were suggesting it wasn't easy to apply. And it does seem to me that once you say contractual provisions will be treated this way, statutory provisions will be treated that way, that's not a hard rule to implement. We actually think it is a hard rule to implement, or at least there are going to be cases where it's hard. And in fact, this case is an example. In this case, in the notice of motion for attorneys' fees of cost, this is on page 74 of the Joint Appendix, Respondents invoked only a statute, ERISA. In the supporting affidavit, they invoked a statute and a contract. The district court interpreted their request, apparently, to be made under a statute and awarded fees invoking only the statute. Then the First Circuit viewed this case as one in which fees were requested and awarded under a contract. And that was the basis for its jurisdictional holding that's now on review before this Court. So this case is an example of one where it's not always clear. There are many cases where a statute in some capacity and a contract in some capacity are both in play, where you potentially have two competing attorneys' fees provisions, one statutory and one contractual. They could be identical in all relevant respects, and yet in one of them the party happens to invoke the statutory provision and the other party happens to invoke the contractual provision, and under Respondent's rule you would have two different outcomes. But what we think is really fundamentally wrong with Respondent's position is that at the end of the day it's just the opposite of the rule that this Court adopted in Budinich. Budinich recognized that statutory fees can be viewed as merits or nonmerits depending upon the particular statute or decision law. Contractual fees are precisely the same. Some contractual fees, depending upon the contract's provision and the relevant decision law, could be viewed as costs. Sotomayor, wouldn't this view contradict 54d-2? What do we do with that? If we accept your analysis that we should superimpose just a flat rule that all fees are not? 54d-2 simply requires that in a case in which fees are sought by motion, they have to be made, the motion has to be made within 14 days, unless the fees are such that they are part of the cause of action and they are submitted to a jury. 54d doesn't say that in a case where the fees are made by motion but they should have been submitted to a jury, there is some other appealability rule. It simply says that in a case where a fee request is made by motion, it has to be made within 14 days. Sotomayor, I'm a little confused. So is your rule that if a fee is made by – if a request is made by motion, whether it's contractual or statutory, that that then becomes a separate judgment and not a part of the final merits? That's absolutely right. That's what Boudinich said. So you're not blocking a party from coming in and saying you've got to – how will a union know or a claiming party know whether or not you'll come back later and say you should have given it to the jury? Well, our submission is that it doesn't matter whether it should have been given to a jury or not. What matters is whether it was given to the jury. And let me just say parenthetically, the general practice in Federal courts, as I understand it, is that fee requests are not given to juries. At the very least, the amount of the fee is almost invariably determined by courts, not by juries. And in fact, courts have held that there's no Seventh Amendment right to have juries determine the amount of attorneys' fees. And this makes sense when you think about it, because it's a separate judgment. It does make sense. Have we held that or just circuit courts? No, lower courts have held that. This makes sense because most attorneys' fees requests, very much including the fee request in this case, go up to the very end of the case. And by definition, when the jury still has the case, you know, the meter is still going. And it's quite difficult, indeed it's impossible, for a jury to decide what the fee award should be when there are more fees to follow. Sotomayor So what do we do with the auditor's fees, which aren't traditional attorneys' fees, and those hadn't been decided in this case? So why is the judgment nevertheless final? Putting aside the attorneys' fees question, why is the merits final when the auditor's fees weren't? Well, our submission is that auditor's fees are treated just like attorneys' fees for purposes within it. Breyer Oh, that's the problem. I mean, put Justice Kagan and Justice Sotomayor together. I don't see any problem that I can see in deciding whether a case is contractual or statutory, because the judge has to decide. If there's a contractual part of it, if he's going to deny it, he has to decide the contractual part. So if it's both, it's both. It counts as contractual. Eleventh Circuit rule applies. On the other hand, if we don't follow the Eleventh Circuit, we get into the question of, well, what about auditor's fees, what about witness fees, what about prelitigation attorneys' fees, what about some language in the contract that seems to cover attorneys' fees but we're not certain, et cetera. And before you know it, that could even shade into the merits. And so the simple thing to do is just say what the Eleventh Circuit said. So you have one argument that yours isn't really an administrative objection, and you have the other argument that if we follow you, there's a big administrative problem. Well, auditor's fees or any other sort of non-attorney professional fees or expert fees or anything else, we think, are not a problem, because the truth of the matter is that that category of fees, as a general matter, just like attorney's fees, are fees that are incurred in attempting to enforce the underlying right or to defend against the enforcement of the underlying right. They're not some measure of the value of the underlying interest. Breyer. So all we're going to have is a contract which, in its discussion of the merits, makes some general mention of fees. And now what we have is the initial notice of appeal has to be within 30 days of the judgment when the fee issue is not yet resolved, and you're going to try to separate the merits from the merits. I mean, you see what I'm worried about, what Justice Sotomayor was worried about, that these things will be very messy when you get to many contracts. I don't think so. I mean, just think about this from a common-sense point of view. This was a case where there was a bench trial. At the conclusion of the bench trial, the parties, including Respondents, submitted proposed findings of fact and conclusions of law, in which they said, Judge, you should find Petitioners liable, Plaintiffs below, and you should award us damages. Then a few weeks later, they separately submitted something that they called Motion for Attorney's Fees and Costs, in which they requested attorney's fees, costs, and auditor's fees. All of those things, I think the fact that they did it that way just confirms what I said before, which is that as a general proposition, at least, you know, expert fees, nonprofessional, non-attorney professional fees are not the sorts of things that you get to enforce the underlying right.  Kagan. Kagan. Kagan. But what if they hadn't done it that way? What if they had listed those fees in their complaint, and what if they had argued for them as part of a bench trial? Are you saying something would depend on that? I'm not saying that. All I'm saying is that this is the way people, litigants, generally think about these two different categories of things, and it's understandable that this is the way they did it. If they had requested auditor's fees and if they had requested, you know, attorney's fees that were incurred at the very beginning before the complaint was filed in connection with their proposed findings of fact and conclusions of law, then it may well be that the judge would have awarded them, you know, with the ordinary damages, and they wouldn't have that argument available to them, but they chose to include them, as I say, I think, because their intuition, if nothing else, was that these audit fees and these attorney's fees, even attorney's fees incurred before the litigation commenced, are attorney's fees in the same sense that the kinds of things that courts decide separately from the merits. As far as the so-called pre-litigation attorney's fees are concerned, this is the fallback argument, the second argument that Respondents make in their brief. And the argument is that because some of the fees requested were incurred before the complaint was filed, or at least at some remote time before the complaint was filed, what you have here is not covered by Budinich, because the rule articulated in Budinich is that it applies to attorney's fees for the litigation in question, for the litigation at hand, fees attributable to the case. And that's the language that Respondents rely on in our fallback argument. What we would say in response to that is that what Budinich meant by that language is that its rule does not apply to a case where the attorney's fees are for a prior case, as opposed to being attributable to the case, meaning the case in which the fees are incurred. So if you have a dispute between a lawyer and a prior client, a former client, over fees, former client hasn't paid fees and there's a lawsuit to recover the fees, Budinich won't apply in that situation. Scalia, I wrote it. I don't think that's what I meant. I don't know. It would be a strange, a strange thing to worry about, it seems to me. It's a fairly infrequent situation, isn't it? Well, yes, of course it is. And not only is it infrequent, the situation you have here that gives rise to the question presented in this case just wouldn't arise there, because if you're talking about a lawsuit by a lawyer against a former client to recover fees owed, by definition the fees are known and quantifiable before the suit is filed. So you would imagine that in that case there would be a liability determination in the award of damages, which in that case just happened to be attorney's fees, and the case would be over, and this situation wouldn't present this. Why would the case be over? Presumably you incurred attorney's fees seeking to recover the attorney's fees. Well, it would depend on what the, you know, contract between the lawyer and the client said, Mr. Chief Justice. I suppose it's possible that you could have a contractual fee provision that says we get fees for attempting to recover our fees, and then you're right, you would have the budinich situation, but it would be as to the fees generated in attempting to enforce the underlying right, which is exactly what you have here. Do you think the district court here relied solely on the contract, on the contract and on ERISA, or just on ERISA in awarding these fees? It appears to us, Justice Alito, that the district court relied only on the statute. That was the only thing that the court cited. The court didn't cite the contract. It was the court of appeals that sort of reconceptualized it as a case in which fees were awarded under a contract. I can see how, if you're talking about lawyers' fees pretrial and lawyers' fees at the trial, that they would be interconnected, that it would be improper for the jury to hear about either, if there were a jury. But what about the auditor's fees? Can you — is there an argument that would support your side, but I'm not sure there is, the argument that auditor fees are also, have an effect on what the attorney's fees are or should be? Or are they really quite compartmentalized? No, we say auditor's fees should be treated exactly the same way. No, but I'm asking if there's a relation between the two. Sure there are. I mean, oftentimes auditors or any other sorts of experts are retained to, you know, assist the lawyers in litigating the case or investigating it. And to the extent auditors have done a certain amount of work, then there should be no duplicative attorney's fees, so the judge considers both together. Right. I think that's right. Well, but I thought with respect to pre-litigation attorney's fees, you said you can treat those differently because they're set and determined. You know what they are. It would seem to me in most cases of an auditor's report, that's also true. I want to be clear about this because it's an important distinction. What I was talking about was a case where a lawyer sues a former client, as an example, where the fees were incurred in a prior case, in a different case involving a different dispute. And in the case in which the fees are sought, that is the dispute. That's the case. What I would distinguish from that situation is the situation here, where lawyers are retained, auditors are retained, to resolve an underlying dispute. The underlying dispute is whether contributions are owed to union benefit funds. The lawyers and auditors investigate the case, they prepare to litigate it, they research potential claims, they draft the complaint, they file a demand, write a demand letter to the other side. They're unable to resolve it, so they file a lawsuit. It's all one case. And the fact that some of the fees, whether they're attorney fees or auditor fees, were incurred before the complaint was filed is neither here nor there. I mean, the contractual provision at issue here authorizes that recovery. Everybody agrees with that. And the truth of the matter is that even under the narrowest imaginable attorneys' fees provision, surely some fees incurred before the complaint was filed would be recoverable, unless you had a really oddball statute or contractual provision which made clear that. Kennedy, and the trial court needs to know the amount of the pretrial fees and the amount, what they were incurred for, so that he doesn't give duplicative recovery when he provides for attorney's fees for the course of the trial. Right. But if Respondent's fallback position were correct, what that would mean is that in litigants and courts alike would have to search through the request for attorney's fees, which are generally voluminous, the one in this case runs to more than 100 pages in the joint appendix, this was a 3-day trial, to decide, are there any fees here that are non-litigation fees, and I put non-litigation in quotation marks, and that has two consequences. One is it requires sifting through this voluminous record, and the second is it requires making a very difficult kind of evaluative judgment about whether this particular pre-complaint fee is, you know, a merits, and I put that in quotation marks also, fee, or a non-merits fee. If it's drafting a complaint, maybe that's a non-merits fee, but if it's, you know, 4 months before the complaint was filed and it doesn't have to do with any drafting of a pleading, there's some way to conceptualize that as a merits fee. We just think it's completely unworkable. Sotomayor, let's articulate again for me your rule. Would it go something like this, to the extent that a party leaves attorney's fees for after trial, it then, that's a separate judgment that will not run the finality of the prior judgment? That's right. Sotomayor, I mean, but you're proposing not to stop parties if they choose to put this issue to a jury. That's right. You're saying if they don't, then they have to treat it as the judgment that comes out of the contract dispute as final, the other aspects of it. That's right. That's absolutely right. If there is a decision in a case that leaves unresolved everything except attorney's fees, Budinich applies no matter what the suit is. No, you're saying not just attorney's fees, also auditor's fees. That's true. And what about witness fees, experts? Well, witness fees are costs, and there's no question. No, no, experts, experts, the payment of an expert. If expert witness fees are recoverable under the applicable statute. No, no, no. It's a contract. Right. Under the applicable statute or contract, and everybody would agree. Expert witnesses are also. So we're talking about boob niching or whatever. You want to do that for the attorney's fees, auditor's fees, expert witness fees, experts who help the attorney but don't testify. What's the rule of what we're putting in here and what we're not? Well, the rule is what I was suggesting before, which is that if these are fees that are incurred in an effort to vindicate the underlying right, then they're covered by Budinich. And that's – I think that's what Budinich is getting at. But if instead they are sort of – it's a standalone case, and Justice Scalia, I think, may disagree with me about this, but if it's a standalone case where you hire an auditor and you don't pay the auditor's fees and then the auditor sues you for the fees, that's like the example of the lawyer who didn't get his fees paid and sues his former client. What about a different kind of standalone case? I mean, suppose that the Fund had actually paid up what it was due prior to the litigation, but there were still all these outstanding costs that had been incurred for auditors and all of that, and a suit was brought just involving those. I think probably Budinich would not apply in that situation because it would be like the case I was talking about before where a lawyer sues a former client and the case is just the case about fees. I also think, though, as with the case of a lawyer suing a former client, the situation is unlikely to arise, at least under this contractual fee provision, because by definition, in your hypothetical, you would know what the fees were at the time you filed a case. Presumably, the judgment would be, if it was a judgment for the Funds, yes, you're entitled to recover costs, and here's what the costs are, end of case. You wouldn't have this separate pending request for attorneys' fees. Alito Mr. Himmelfarb, if I think that we should aim for the rule that trips up the fewest lawyers, what rule would that be? I mean, I just think that's absolutely our rule. It's the Budinich rule. The rule we're advocating says if you have a case and the merits of the case are decided, liability is determined, damages are awarded, but there's a pending request for attorneys' fees, which may or may not include other types of related professional fees, and you want to appeal that initial decision, you have to file a notice of appeal within 30 days. Under either the First Circuit's rule or the Eleventh Circuit's rule, you are going to trip up a lot of people because they may guess wrong and they may think, I don't have to file a notice of appeal because this is a, quote, merits, end quote, decision. And if it turns out they were wrong, and it's easy to think they might be because this is such a sort of, you know, esoteric kind of distinction, what's a merits fee and what's not, you're going to get people tripped up under either the First Circuit's or the Eleventh Circuit's rule. So on auditors' fees or anything that might possibly be viewed as falling into the same category as attorneys' fees, you can wait. That would trip up the fewest lawyers. Is that right? You can't wait if you want to appeal the initial decision, if there's a pending request. Alito, but if you don't, you can wait and contest those things at a later time, when you file, when you appeal from the attorneys' fees. Right. You would have, in effect, two separate appeals if you wanted to appeal the attorneys' fee decision. Sotomayor, to the contrary, no? That a rule that says wait until the end of everything that needs to be decided in the case, that's the finality rule. And that's the idea behind the finality rule. Right. I mean, the relevant statutory provision is section 1291 of Title 28, which speaks of final decisions. And what a final decision is under that statute is a decision that either leaves nothing else to be resolved or leaves other things to be resolved, but the only other things that are left to be resolved are collateral to the merits. And the holding of Budinich is that, as a general matter, attorneys' fees are collateral to the merits, and that even when they're not, as a matter of the law that authorizes them, in the interests of certainty and predictability and uniformity, you should treat them as if they are. So Budinich has already held that in this circumstance, the final decision is entered when the initial decision is entered, and the attorneys' fees are collateral no matter how they're characterized. It seems to us it would require a very compelling case to have a different rule just because of the source of authority of the attorney. Breyer, the words that make your point, I think, not absolutely obvious, were when you said, which may or may not involve other kinds of fees. Now, at that point, I'm thinking, well, if we follow your rule, there might be quite a lot of litigation going on about those words, may or may not. If you follow the opposite rule, we've got a clear exception for statutory attorneys' fees and nothing else. All right? So do you want to add anything? I'm not entirely sure I'm following the question, but if the concern is about the presence of fees other than attorneys' fees, for example, auditors' fees or economists' fees or what have you, I mean, keep in mind the same problem would arise under a statutory fee award. Perhaps the most common statutory authorization for fees, at least in the Federal system, is section 1988 of Title 42, which is sort of a catch-all. It applies to 1983 actions. It authorizes an award of expert fees. So if you had a straightforward Budinich situation where you have a statutory fee award, say it's a 1983 action, surely Budinich applies to 1988 requests for fees, and 1988 itself authorizes an award of expert fees. So it seems to us you can't have a different rule for contracts if you accept or if you reject their principal submission, which is that contracts should be treated differently from statutes. I'd like to reserve the remainder of my time for rebuttal. Roberts. Thank you, counsel. Mr. Feldman. Mr. Chief Justice, and may it please the Court. There are two principles that I think resolve this case. The first one is that all damages claims, no matter how small or large, have to be resolved before a judgment is final under section 1291. Although occasionally Petitioners have suggested that the size of the award somehow makes a difference, I don't think the Court has any basis to depart from that long-settled rule. The second is that, as this Court itself has held in the Vaughn distilling case, I'm sorry, in the Fleischman distilling case, in the Vaughn v. Atkinson case, attorneys' fees that are sought under a contract are damages. They are sought as damages, yet they are indistinguishable from any other kind of contract damages that are sought. When parties get the fees. Kennedy, in a case with a jury, would you submit the question of the amount of attorney's fees to the jury? You know, there's conflicting authority on that, but I would agree with my friend. The general rule is you do have to, when there's a jury, submit whether you get the fees to the jury or not. The amount, then, can't be determined. Your answer was, I'm sure, clear, but I didn't get it.  You do submit whether or not you get the fees to the jury. The amount of the fees all frequently waits later for practical reasons. It's a long history of that's the way it's been litigated. It's probably the way it was done in 1791. It doesn't create a Seventh Amendment problem. Well, that seems to me to indicate that there's a final judgment when the verdict is rendered. You have to. The fees are left. It's just a collateral matter as to what the fees will be. I don't think it's because it's a collateral matter. What you submit, you do have to submit to the jury whether or not you get the fees. That question has to go to the jury, and that's because it is part of the merits. When people get together and make a contract and they decide about their mutual obligations and the consequences of somebody breaching that contract, they're defining what the merits of a contract claim is that will come from that. Scalia, Mr. Feldman, what about a statute that says the plaintiff shall recover as part of his damages attorney's fees? What do we do with that for purposes of 1291? I think what the Court said dealt with that quite clearly in Budinich. Absolutely clearly.  But there's a question. So it is clear, is it not, that the criterion is not whether it is part of damages? No, I would say that. Because if that were the criterion, Businich would have come out the other way. I disagree. I think that what Budinich said is we're going to the – Budinich was based on the question he was asking was are these merits or non-merits determinations. And then it – but what it said is because of the particular place this comes in in litigation, we have to deal with this as a categorical matter. And it doesn't matter how – Essentially, it doesn't matter whether it's merits or non-merits. I don't – that's actually not what the Court said. For purposes of – for purposes of this rule. What the Court said – I don't know how else you can read it. What the Court said several times in Budinich, they said – the Court said, for example, it shouldn't turn upon the characterization of the fees or whether the fees are deemed to be one or the other, because the Court had decided that it's indisputable that as a general matter, statute – and I think this is only true of statutes – that statutory fees. It's a general matter, but the case acknowledges that that's not always true, and the holding says it doesn't matter when it's not true. They will still be treated as separate, even though they are damages. We're not going to treat them as damages. And as – as the – what the Court was – as it was correct in – with respect to statutory fees that was at issue in Budinich, the Court was quite correct in saying those as – it is indisputable that those as a general matter are not a part of the merits. They're costs which have never been seen as part of the merits. But that's not true and never has been of contractual damages, and this Court itself has indisputed contractual damages. Kagan. Why isn't it true? I mean, assume a contract which just says if we go to litigation, the prevailing party will pay fees in much the same way that a statute does. And now assume lots of contracts basically have that provision as their attorneys' fees provision. Why wouldn't we just say, you know, whether – whether the source of law is a contract or a statute makes no difference, they're essentially doing the exact same thing? I mean, I would say that they're not doing the same thing. And also the source of law is important, because the whole point is that the law has always been that statutes define what court costs are. Court costs are basically a narrow segment of money that people pay each other under certain circumstances. They're defined by 28 U.S.C. 1920, by this Court's Rule 43, and by the fee-shifting statutes that we know after Budinich, okay? But the – that's what statutes do. And in fact, the Court said in the United States v. Idaho, in defining costs, costs are things that are provided for by rule, and I'm sure the Court intended statute also. Scalia, but Budinich acknowledged that some of these fees are not costs. It acknowledged that. I would actually think what the Court – what Budinich acknowledged was that they are labeled different ways. They are deemed or characterized in different ways. The Court never actually said that they weren't. But they did – the Court did say it was operating on a categorical basis. Scalia, I don't understand the difference between deeming and being. When the statute deems it to be costs, they're costs. They are costs. The Court felt as a categorical matter that statute – and quite correctly – that statutory fees are costs. But as a categorical matter, contractual fees are not costs. When parties agree in a contract that one is going to pay another a certain amount of money in the event of something happening related to a breach, that's what defines the damages that are due in a subsequent case. Scalia, but we said in Budinich that they are costs, even when the statute makes clear that they are damages. I mean, we're saying it doesn't matter what the statute says. And I don't see why it should matter what the contract says. I don't think it does matter what the contract says. It just matters that it's in a contract, because there's a no history. While there's a history of statutes defining what costs are, there's no history at all of contracts defining things that are obligations between the parties, but that are not part of the merits of a subsequent dispute. Alito, if we have a different rule for statutory fees and contractual fees, will we have problems in some cases, and maybe this is an example, in determining whether an award of fees was based on a contract or based on the statute? Here the district judge's opinion on fees says a lot about ERISA, and I don't see any references to the contract in there. I don't think that there will be any problem with that at all, actually, for about three reasons. I could start with this case. In this case, our complaint talks about the contract. Our motion for summary judgment talked about the contract as a base for fees, I'm talking about specifically. But also ERISA. Also ERISA. Also ERISA, but it's for our purposes, it's irrelevant whether there was also a statute. The question is, was there a contractual fees issue in the case, and was it decided? Okay? Sotomayor, let's be a little more precise. Your notice of motion referenced ERISA alone. The supporting affidavit mentioned both, and the district court opinion mentioned only ERISA. That's true, but if you didn't mention the contract in your notice of motion. The notice of motion actually, what the notice of motion said, this was the sequence of events. The affidavit was put in on, I believe, April 4th. The notice of motion came in the next day, and I think actually the reason is because we didn't actually think we needed a notice of motion and later figured out that we did. What the notice of motion said was, defendants are liable for those monies pursuant to ERISA. Sotomayor, what page are you reading? This is page 72. Of the joint appendix? Of the joint appendix. Defendants are liable for those monies pursuant to ERISA, and for the reasons detailed in the accompanying Wagner affidavit filed on the day before. Okay. It didn't say ERISA and for the reasons given. And if you look back at JA, at the affidavit at JA 75 in paragraph 6, as indicated no, I'm sorry, it's paragraph 3 on 74. In accordance with the collective bargaining agreement, the trust agreements and ERISA, the defendants are liable for all audit fees, attorney's fees, and so on. I don't want to have to go through this in every case. But there's no need to. All the only question that you have to ask is, was there a contractual damages issue in the case? And then here's the other half of it. Mr. Sheldon, there's a question that has not been, has not surfaced yet. But after Budinic, however you pronounce it, the rulemakers changed Rule 58e, and now 58e provides a mechanism for deferring the finality of the judgment until the fee question is decided. You didn't seek an order under 58e. You didn't ask the district judge, please defer the finality of the judgment until the fee question is decided. That's correct. Well, I don't think that wouldn't have worked in this case, because that's a situation where there's already been another judgment on the other merits issues in the case. At the time when we put in this affidavit, this affidavit was actually, I think my friend was mistaken, because this affidavit was put in right at the end of the trial, actually at the same time, in effect, as the trial memorandum telling, our post-trial brief telling the judge everything that we wanted. It's just for this part of it, we then, we originally said we're going to get it in at the same time. We later said, can we get two weeks, actually, for this? You could have said to the judge, please defer the entry of judgment until you resolve the fee question, and you would not be entitled to that relief, but it would be in the discretion of the judge. And so that's how the rulemakers thought this problem could be handled. You can have a judgment that does not become final until the fee question is decided. But if there's absent that specific determination, then the judgment becomes final when it's final, and the fees are a separate matter. It seems to me that now that there's a mechanism in the rules to handle this, we should not depart from the rules that whether it's contract or statutory, it's separate. It's not part of the underlying judgment. I do think that that rule was designed to address an issue when people put in their fees motion two weeks after there's been a judgment in the case, not at the time at the end of the trial before there's any kind of judgment of any sort. Kennedy, I know the Petitioner doesn't rely on it, but it's really supplemental to Justice Ginsburg's point. There was a judgment in this case, the June judgment, and it says it's entitled to a judgment in a civil case, and it says that the interest runs from this date. I know there are cases in which we say that the description the trial judge gives to the judgment is not necessarily conclusive of this final order, but it does seem to me that this is what the judge thought he was doing. I'm not sure that that's right. The judge says at the end of the other order, he says now this case is concluded. And I have to look to see when the actual – I mean, I don't – I think the – actually, I think the judge thought that the final judgment in the case was the one doing the attorney's fees. He was maybe running the interest from the other one. Kennedy, the interest ran from the June 17th judgment. Right. That's correct. But I'd like to go back to a couple of other things. One is, there's no sorting through things that's really a problem. First of all, there's very few cases that ever have both contract and statutory fees. We've looked through every case cited in the papers in this Court. None – maybe one or two did, but in those, there was no doubt at all that there were contractual fees that were at issue. But more importantly, unlike other kinds of contract damages, where if you want lost profits or if you want the cost of some replacement performance, you don't have to tell the judge what the legal source of getting those things are. You just have to tell the judge, this is what I want, I'm entitled to it, there was a breach of contract. But with fees, you don't get them just as a matter of saying, I want to get my fees. You have to give the Court some source that authorizes them, and that usually it is a statute or it's a contract. And parties, I think you'll find – I couldn't find cases where there was any doubt as to where courts said, I have some doubt as to whether it was statute or contract. Breyer, in my own mind, what matters is you have to have one clear rule one way or the other. That's right. And – oh, fine, okay, you both agree that's right. I think. So the First Circuit's approach is less preferable. Which should it be? Well, go back to Justice Alito's question, what are ordinary lawyers going to think? What they normally think now, I guess, is this. There's a piece of paper, separate, it's called a judgment. Counsel, once that goes into the file, you have 30 days if you're not going to change that judgment. And the fact that you want costs doesn't make a difference. Now, what you want us to say is the fact that you want costs sometimes makes a difference. It makes a difference when it's non-statutory. Now, I grant you that's fairly simple. But isn't it better to tell the lawyers – I mean, I think that's what they would say – it's better to tell the lawyers, look, counsel, the piece of paper is there, you have 30 days, and try to minimize the exceptions to that. I don't think it is, and there's a number of reasons, okay? One is that the – what our rule does is you file the notice of appeal after the case is finished, at the end. Under their rule, you'll necessarily set a trap for the unwary. For lawyers who aren't sure or don't know the law or whatever, for those people who aren't up on it, they're going to miss the earlier notice of appeal, and they're going to lose their right to appeal altogether if you adopt Petitioner's rule. That would be what would happen. If you adopt our rule, then that wouldn't happen. It would be true there would be people who would file a notice of appeal too early. But filing a notice of appeal too early is much less of a problem, because if you file a notice of appeal too early, you can cure it by just filing another notice of appeal later, and under Federal Rule Appellate Procedure 4A, there are times when an early notice of appeal in, I think, a number of circumstances relates forward to a later judgment. Ginsburg. Well, no. Ginsburg. Mr. Feldman, going back to my 58e question, one thing that's interesting about the rulemaker's response to Budenick is they didn't make any distinction between statutory and contractual fee awards. You would have us divide the world up that way, statutes, one rule, contracts, another, but the rule 58e, it doesn't – it's not confined to statutory fees. They do – actually, they did make a distinction between fees that have to be proved as part of the substantive claims in the case, and actually, you know, attorneys' fees are actually very close to that. I would also point out that the other fees at issue here, this is the other problem. Aside from the fact that there's a trap for the unwary set up by their rule, but not by our rule, and that other things being equal procedural rules should be set up so they don't have those kinds of traps, but even aside from that, they do have to draw a distinction between attorneys' fees, auditors' fees, accountants' fees, architects' fees, real estate inspectors' fees. There's many different kinds of provisions people can put into contracts and say, if you breach the contract, I want a right to inspect the property, I want a right to inspect your books, I want a right to figure out whether you've met your covenants in this bond deal or in this business arrangement that we have, and you have to pay for it, or you have to pay for it if it turns out that you really have breached the covenant, or there really is something wrong with the building. In all those cases, I don't know under – I don't know any way to figure out whether all those other types of professionals that may be involved in the case, they're all the same thing. They're all cases where someone's saying there might be a breach here and we want to figure it out. Breyer.  Breyer. Breyer. The rule is costs of litigation. In this case. Breyer. In this case it's lawyers, but he's going to treat the same, experts. This is 1988, experts, real estate, all those things. The lawyer simply thinks, costs of litigation? If it's costs of litigation I want, that doesn't make a difference, I'd better file a notice. But these are not costs of litigation. I mean, when the auditors came, this is what happened in this case, and this is not uncommon. The – there was a suspicion that Petitioners were not paying the contributions that were due. There were no attorneys involved in the case. The auditors came in to do what they're contractually entitled to do, which is look at the books, the Petitioners' books, and figure out whether they had or had not made the contribution. Scalia. So limited to attorney's fees, as the rule does. That's a pretty clear line. Attorney's fees, you know, you have to file right away. Anything else, it can extend. Well, and that we would prevail in this case under that, in that event. But even on attorney's fees. I don't care about this case, frankly. I care about the rule that we're going to be adopting. Right. I think that there's no – I think that there's – once you start parsing contractual provisions out and saying some of them are merits-based and some are not, even though they're all doing the same thing, that is, they're all saying in the event, this is what damages provision. I wouldn't be saying that. I'd be saying there's attorney's fees and there's stuff other than attorney's fees. Merits doesn't matter. And even then, even in attorney's fees, if I could just go back to this case for a moment, because I don't think this is also unusual, when the attorneys first came in, they didn't come in to sue Petitioners. They came in because the auditors weren't getting cooperation in being given all the books that they were supposed to be given. And their first thing that involved a certain amount of time at that point was trying to get them to give the books to the auditors, which they eventually did. Okay? But those are costs of collection. Those fees under this contract and many, many contracts that are similarly worded, those are costs, costs, including attorney's fees, of collecting money due. And those costs are due and payable by Petitioners before any case is brought and whether or not any case is brought. If it turned out that the auditors had found that there are some contributions that were not made and the auditors then — and then the Respondents, the funds came to the employer and said, you owe us $5,000 in contributions that weren't made, your books were no good and, you know, we found it, and you owe us another $5,000 for the auditors' fees, they might have just paid that, they should have paid it, and in many cases they will, or they might pay one or the other, but they're on an exact par, that money is totally due and owing under a provision like this. It's not a prevailing party provision, which is the sort of thing that statutes almost uniformly have. It's covering obligations that one party has to another based on the fact that they didn't comply with their contractual obligations. You know, another reason why it's important that the Court pay close attention, I think, to the rule against piecemeal appeals in a case like this, and the strong policy that at the very least if there's any doubt you should avoid the piecemeal appeals, is that for people in, again, in this kind of situation, it can be very, very important to know whether you're going to get your fees paid before you have to file a notice of appeal. Roberts I thought the procedure was, regardless of who prevails, it's not piecemeal appeals. I mean, they often combine the two in the court of appeals for consideration. They can be combined if the district court, they can be if they come along at the right time, and if the district court can see to it under Rule 58, if they, after the, if they act at the right time. Roberts Even if it's, you don't need Rule 58, at least the practice I was familiar with. You file for attorney's fees, they calculate, unless the appellate court is moving with surprising speed, the first appeal is still pending by the time the district court rules on the attorney's fees. Roberts It can be done, and there's always, of course, but that's true always when the rule against, or policy against piecemeal appeals applies. It always is the case an appellate court can put things together that would otherwise be a part. The point of that rule, though, and what I was getting at, is for people in the situation of Respondents here, we were, there was, I think, $143,000 in fees at issue that we have to pay, that they have to pay the attorneys in this case. And it's very important to them to know whether they have to pay that amount before they decide whether they want to appeal the case or not. It's just as important to decide whether they want to appeal that amount than to decide how much they're going to get for the basic contributions that was, that they also, that Petitioners also owe us. Scalia Well, if they're worried about it, they could always appeal and withdraw the appeal later. Roberts They can do it, but. Scalia If they don't get the amount, right? Roberts They can do that, but it's all, the point of the rule against piecemeal appeals is these kinds of decisions are much best left, and this has really long been accepted, to the end of the litigation, not to try to push it up earlier, which creates traps for the unwary of the sort I was talking about. Ginsburg That would apply to statutory fees as well, the argument about piecemeal duplicative appeals. Roberts It would apply, but, but, first of all, the statutory fees case are usually not as broad as this. They're usually prevailing parties' fees. They're quite different. They look quite different, but they usually involve exercise of district court discretion. The court may, at its discretion, order fees. Nobody's ever written a contract, I don't think, like that. But more importantly, in the statutory case, the Court was quite correct in Budinich that it's really indisputable that as a general matter, statutory fees are costs, and costs have never been seen as part of the merits. They're defined by statute 28 U.S.C. 1920. 1988 is just another provision defining costs and extending it a little bit farther. Scalia Are you, are you sure that as a general matter, contractual provisions do not make attorneys' fees costs? I've seen a lot of contracts that say, you know, she'll recover costs, including attorneys' fees. I think when contracts talk about, I don't think there's a, there's very little, if any, history of contracts actually trying to allocate court costs of the sort that statutes do. I do think they use the word costs. This provision here uses the word costs, but quite differently, it uses the word costs to mean expense. Costs, including attorneys' fees, of collecting payments, just like costs including transportation of obtaining substitute performance if there's a breach, or any provision like that. They don't use it in the technical sense of referring to court costs. Kagan I guess I'm not quite sure why the word matters. I mean, you can say attorneys' fees are costs under a statute and they're damages under a contract, but why should that control the analysis of what we do? It's just which word we put on it. I don't actually think it's the word. I think it's the underlying issue of what the court is doing. In the contract case, the court is just adjudicating another claim by one party against another for some money based on their performance under the contract. And the simplest way and the way you have to make the least distinctions is say all of those things are damages and all those things are part of the merits. They have been viewed as part of the merits of a case always. In fact, there's no authority that they're not viewed as part of the merits of the case, and this Court in the Fleschman Distilling and the Vaughn cases viewed it as part of the merits. In the statutory case, where Congress makes a right to statute, as many, many of them are, the Court may in its discretion award fees to a prevailing party. I think the intuition of Budinich was the Court was to — Congress was tying into the long tradition of taking litigation costs and extending it a little bit farther, and that's something that Congress does. And if Congress wanted to say that contractual attorneys' fees are available under some circumstances or under however, then that would probably be defining costs, too, especially if they're tied to what goes on in the litigation. But when it's a provision like this one, and like many, many contractual provisions, and there's a wide, wide variety of them, that just talks about what happens when there's a breach and there's going to be attorneys' fees, there's auditors' fees, there's other kinds of things, other kinds of expenses that the non-breaching party has, those are just the damages of case, the case they've always been seen as the damages of the case. And it would be odd if you do start to try to say, well, these have to be treated like they were costs, then it does inevitably raise the question, what else has to be treated the way it's cost? Petitioner said that, you know, in this case, there was no doubt that anybody had ever in this case that we were seeking contractual fees. And one reason that I think is pretty conclusive on that, aside from the fact that we mentioned it at every single opportunity throughout the case, that we were seeking contractual fees in our summary judgment motion, in our trial brief, post-trial, in the complaint, it was everywhere. But the auditors' fees that we were seeking probably wouldn't have been awardable under ERISA, because the ERISA provision, 29 U.S.C. 1132g, says you can get reasonable attorneys' fees and costs of the action to be paid by the defendant. And I'm not sure at all that that would include, I don't know of any authority that that includes auditors' fees. But the contract was quite clear, costs, including attorneys' fees, of collecting payments, and the auditors' fees did fit in that — in that basket. And nobody doubted it throughout the litigation. There was no litigation about whether we are entitled under anything to auditors' fees, because there's no point in litigating the ERISA issue because it was clear under the contract. And the district court absolutely knew that auditors' fees were involved in the case  that we sought, not just — well, just actually a relatively small portion of the attorneys' fees. In any event, if — our submission is that the Court — that contractual attorneys' fees have always been seen as damages, should continue to be seen as damages. And the easiest, simplest, and best procedural rule is to say that's what happens with contractual fees, that's the category that we're dealing with. Budinich deals with a different category of statutory fees. But even if not, I do think that in this case, the non-litigation fees, the attorneys' fees for a time when they were enforcing the contract, which ultimately got enforced and before there was litigation, and the auditors' fees for examining the books that were sums that were due and owing entirely without regard to whether there was — to whether there was a judgment in the case or whether there ever was a court case at all, those things at the very least should be seen are damages in the case. They were due and owing before the case was ever filed. And because those were in the case at the very least, the judgment wasn't final until those were resolved. Thank you. Roberts. Thank you, counsel. Mr. Himelfarb, 4 minutes. One rule for statutory fees and one rule for contractual fees is severely flawed both from the point of view of administrability and from the point of view of logic. My friend, Mr. Feldman, suggested that the fees in this case clearly were sought under a contract, and all I would say about that is that it seems to me the colloquy itself that that comment precipitated shows how confusing it can be to make the determination. Mr. Feldman also suggested that there are a few other examples where you might be seeking fees under a contract in the statute. Keep in mind that there are lots of State statutes that authorize an award of fees in contract cases of different kinds. Budinich itself was a case involving an employment dispute, which was necessarily a contractual dispute, and the Colorado statute at issue there provided for the award of fees in employment disputes. So you could imagine a situation where you have a contract and a statute that say the same thing, there's an entitlement to fees, and yet for whatever reason the party seeking fees invokes one rather than the other, and yet the outcome under Respondent's rule would depend upon which was invoked. Mr. Feldman also suggested that our rule presents a trap for the unwary. I have to say I'm having a hard time understanding that. The consequences of our rule are that you always have to file after the initial decision, and if you do that, there won't be any risks, it won't be too late, and it won't be too early. The consequences of either the First Circuit's rule or the Eleventh Circuit's rule are that if you file after the second decision, it may be too late, you won't be able to appeal the first decision, but if you file after the first decision, it may be too early if it's subsequently determined that these are merits fees and the case isn't over, and your appeal will be dismissed and you'll have expended your resources on having an appeal dismissed. As to the logic, the fundamental premise of Respondent's positions is that all statutory fees are costs, all contractual fees are damages, and all I'd say about that is that it's just incorrect. There are statutory fees that look a lot like the contractual fees at issue here. There are contractual fees that are straightforward prevailing party provisions, some of which are bilateral, meaning that the defendants can prevail. If a defendant recovers attorney's fees under a contract, whatever else that contractual provision is, it can't be damages. Budinich said statutory fees can be merits or nonmerits. We're going to treat them as nonmerits. Likewise, contractual fees can be merits or nonmerits. There's absolutely no reason to adopt the opposite rule for that category of fees. The judgment should be reversed. Roberts. Thank you, counsel. The case is submitted.